J-S80045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON LITES | : | |
| | : | |
| Appellant | : | No. 822 EDA 2018 |

Appeal from the Judgment of Sentence February 12, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000302-2016

BEFORE: BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED FEBRUARY 01, 2019**

Appellant Brandon Lites appeals from the judgment of sentence, following a jury trial, for burglary,[1] attempted rape,[2] indecent assault,[3] criminal trespass,[4] and simple assault.[5] Appellant's counsel has filed a petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and Appellant has filed a *pro se* response. We affirm and grant counsel's petition to withdraw.

---

[1] 18 Pa.C.S. § 3502.

[2] 18 Pa.C.S. § 3121.

[3] 18 Pa.C.S. § 3126.

[4] 18 Pa.C.S. § 3503.

[5] 18 Pa.C.S. § 2701.

Because the parties are familiar with this matter, we do not extensively restate the facts of this case. Briefly, the Commonwealth charged Appellant with the above-mentioned offenses for a June 24, 2014 incident in which an individual sexually assaulted the then-eighty-one year old victim inside the victim's apartment.

Prior to trial, Appellant filed a motion for a competency determination of the victim. The trial court denied Appellant's motion without prejudice to re-raise the issue at the time of trial.[6] Order, 10/27/17.

At the jury trial, the victim testified at the jury trial about the sexual assault, but did not identify Appellant as the perpetrator of the assault.[7] The Commonwealth, however, introduced DNA evidence from a "rape kit" that inculpated Appellant. N.T., 12/20/17, at 43, 112. Appellant testified on his own behalf and denied any involvement in the attack.

The jury found Appellant guilty, and the trial court sentenced Appellant to an aggregate sentence of twenty to forty years' imprisonment. Appellant did not file post-sentence motions.

---

[6] According to the docket, the Commonwealth, on December 18, 2017, made an oral motion *in limine* to preclude any mention of a competency evaluation, which the trial court granted that same day. Docket at 5. Additionally, the trial court referred to the victim testifying at competency hearing before trial. **See** N.T., 12/20/17, at 47.

[7] Appellant's trial counsel did not object to the victim's competence during the victim's trial testimony.

- 2 -

Appellant timely appealed, and the trial court ordered Appellant to comply with Pa.R.A.P. 1925(b), and Appellant's counsel filed a Pa.R.A.P. 1925(c)(4) statement of intent to file an **Anders** brief.

Appellant's counsel has now filed a petition to withdraw and an **Anders** brief with this Court.

In the **Anders** brief, counsel raises one question:

> Did the trial court err in denying the motion of [Appellant's] counsel for an evaluation of the competency of the alleged victim, R.L. to testify at the trial of [Appellant]?

**Anders** Brief at 6. As discussed below, Appellant filed a *pro se* letter raising numerous additional issues.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). We set forth the **Anders** requirements in **Commonwealth v. Orellana**, 86 A.3d 877 (Pa. Super. 2014):

> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> >
> > (3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief."

*Orellana*, 86 A.3d at 879-80 (some citations omitted). If counsel complies with these requirements, then "we will make a full examination of the proceedings in the lower court and render an independent judgment [as to] whether the appeal is in fact 'frivolous.'" *Id.* at 882 n.7 (citation omitted). Finally, "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citation omitted); *accord Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, counsel's petition to withdraw and brief comply with the technical requirements of *Anders* and *Santiago*. *See Orellana*, 86 A.3d at 879-80. Counsel's brief summarizes the procedural history and facts, includes arguments that could support the issue raised on appeal, and cites legal authority to support its conclusion that the appeal is frivolous. Counsel also served Appellant with a copy of the brief and petition to withdraw, and the petition advised Appellant of his right to retain new counsel or proceed *pro se*

- 4 -

to raise any points that he deems worthy of this Court's attention. We conclude that counsel has met the requirements of *Anders* and *Santiago*, and will therefore address the issue raised in the *Anders* brief.

As noted above, counsel identifies a single challenge to the victim's competence to testify. *Anders* Brief at 15. Counsel notes that the victim "clearly had difficulty recalling numerous facts about the alleged attack [and that] counsel for the Commonwealth and the judge of the trial court needed to ask numerous questions repeatedly to get the answers that they sought." *Id.*

We review the trial court's ruling on a witness's competency to testify or the need for a competency hearing for an abuse of discretion. *Commonwealth v. Delbridge*, 855 A.2d 27, 39 (Pa. 2003) (holding, a "decision on the necessity of a competency hearing is addressed to the discretion of the trial court." (citation omitted)). Pennsylvania Rule of Evidence 601 provides as follows:

> **(a) General Rule.** Every person is competent to be a witness except as otherwise provided by statute or in these rules.
>
> **(b) Disqualification for Specific Defects.** A person is incompetent to testify if the court finds that because of a mental condition or immaturity the person:
>
> (1) is, or was, at any relevant time, incapable of perceiving accurately;
>
> (2) is unable to express himself or herself so as to be understood either directly or through an interpreter;
>
> (3) has an impaired memory; or

(4) does not sufficiently understand the duty to tell the truth.

Pa.R.E. 601.

This Court has stated:

In general, the testimony of any person, regardless of her mental condition, is competent evidence, unless it contributes nothing at all because the victim is wholly untrustworthy. Thus, in Pennsylvania, a witness is presumed competent to testify, and it is incumbent upon the party challenging the testimony to establish incompetence. Above all, given the general presumption of competency of all witnesses, a court ought not to order a competency investigation, unless the court has actually observed the witness testify and still has doubts about the witness' competency.

*Commonwealth v. Boich*, 982 A.2d 102, 109-10 (Pa. Super. 2009) (*en banc*) (quotation marks, brackets, citation, and footnote omitted). "The capacity to remember and the ability to testify truthfully about the matter remembered are components of testimonial competency. The party alleging a witness is incompetent to testify must prove that contention by clear and convincing evidence." *Id.* at 110 (citations omitted).

Following our review, we conclude that Appellant's intended challenge to the competency of the victim is frivolous. *See id.* The trial court was well within its discretion to deny Appellant's pre-trial motion without prejudice. *See id.* Appellant did not re-raise his objection at trial. Furthermore, the trial court observed the victim testify at trial and did not signal any concern about her competency. *See id.* Nothing in the victim's testimony reflected a basis for Appellant or the trial court to establish that the victim was incapable of

perceiving the assault she experienced, was unable to make herself understood, had an impaired memory, or did not understand her duty to tell the truth. *See Boich*, 982 A.2d at 109-10. Therefore, we agree with Appellant's counsel that this claim lacks any support in the record or law. *See Orellana*, 86 A.3d at 882 n.7.

We next address the thirteen issues raised in Appellant's *pro se* response.[8] "[W]hen an appellant, either acting *pro se* or through private counsel, files a response to the *Anders* brief, our independent review is limited to those issues raised in the *Anders* brief. We then review the subsequent *pro se* or counseled filing as we do any advocate's brief." *Commonwealth v. Bennett*, 124 A.3d 327, 333 (Pa. Super. 2015).

We quote Appellant's first five issues in his *pro se* response as follows:

1) [Appellant] submits that mitigating circumstances are present in this case given that [Appellant] was denied DNA expert witness to be present and[/]or available to aid [the] jury with interpretation of scientific evidence beyond the competence of a lay person pursuant to (Pa.R.E. 702-3)[. Appellant] cites *Todd Heller, Inc. v. United Parcel Service*, 754 A.2d 689[.]

2) Detective [Nelson] Collins['s] testimony of the description of the attacker having a moustache was hearsay, false and inconsistent with previous testimony statements made in prior official proceeding under oath pursuant to 18 Pa.C.S.A. § 4902[.]

---

[8] Initially, we note that Appellant's *pro se* response consists of only the issues without any argument or reference to the record where the issue appears or stating where the issue was preserved. Although this Court "will not act as counsel and will not develop arguments on behalf of" Appellant, *see Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010), we review Appellant's issues to determine whether they are frivolous.

3) [Trial counsel] failed to object and cross-examine Detective Collins on his inconsistent testimony of the description of the attacker pursuant to 28 U.S.C. § 2254[. Appellant] cites **Commonwealth v. Rolan**[,] 742 A.2d 210[,] No[.] 4591 Phila[.] 1997 slip op. (Pa. Super. Ct. 1999)[.]

4) [Trial counsel] failed to investigate that [Appellant] wasn't even staying, nor was [he] in Pa. at the time or during when this crime occurred pursuant to **Strickland**[,] 466 U.S. at 689[. Appellant] cites **United States v. Gray**, 878 F.2d 702[,] 711 (3d Cir. 1989)[.]

5) Jury was denied taking notes during the course of [Appellant's criminal] trial. During their deliberations[,] they lacked notes which could have helped them refresh and recollect expert witness testimony to be used as memory aids pursuant to Rule 644 Trial Procedures[.]

Appellant's *Pro Se* Resp., 12/3/18, at 1-2 (unpaginated).

Appellant's first issue appears to be claiming that the court erred in denying his request for a DNA expert witness. Appellant's *Pro Se* Resp. at 1. Appellant, however, has not identified where in the record he requested any such expert and our review has not identified any such request. Thus, he has not preserved his issue for appellate review. **See** Pa.R.A.P. 302(a) (stating, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Appellant's second issue also is frivolous. By way of background, Detective Collins was not asked at the preliminary hearing about Appellant's appearance, let alone whether Appellant had a moustache. N.T. Hr'g, 1/11/16, at 54-64. At trial, Detective Collins testified that Appellant's driver's license photo depicted him with a moustache, which was consistent with the

victim's description of her attacker. N.T. Trial, 12/20/17, at 86. Therefore, there was no conflict between Detective Collins's preliminary hearing testimony and his trial testimony.

Appellant's third and fourth issues pertain to trial counsel's purported ineffective assistance. Appellant, however, has not asserted any claim of ineffective assistance of trial counsel that can be considered on direct appeal under **Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013). Therefore, these claims must be deferred to Post Conviction Relief Act review. **See id.**

Appellant's last eight claims challenge purported errors at his preliminary hearing. **See** Appellant's *Pro Se* Resp., 12/3/18, at 3-4 (unpaginated). It is well-settled that any purported defect or error at the preliminary hearing stage is immaterial if the defendant has been found guilty at trial. **See Commonwealth v. Sanchez**, 82 A.3d 943, 984 (Pa. 2013) (holding, "once a defendant has gone to trial and has been found guilty of the crime or crimes charged, any defect in the preliminary hearing is rendered immaterial"). Here, Appellant had been found guilty after a jury trial. Thus, any alleged errors occurring at his preliminary hearing are immaterial. **See id.** Accordingly, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/1/19